MEMORANDUM *
The district court did not abuse its discretion in denying Nadim’s motion for a new trial on Leegin’s watch-design infringement claims. A district court has broad discretion to award a plaintiff up to $150,000 in statutory damages for each instance in which a defendant “willfully” infringed the plaintiffs copyright. 17 U.S.C. § 504(c)(2). In § 504(c)(2), the term “willfully ... refers to conduct that occurs with knowledge that the defendant’s conduct constitutes copyright infringement.” Danjaq LLC v. Sony Corp., 263 F.3d 942, 957 (9th Cir.2001) (internal quotation marks omitted). Here, the evidence established that Nadim continued to sell infringing watches after receiving notice of Leegin’s lawsuit, and there is no basis for Nadim’s argument that its infringement of Leegin’s copyrights was not willful because Leegin’s notice failed to identify with specificity the copyrights that Nadim’s watches allegedly infringed. The *575 Copyright Act imposes no such duty on Leegin.
We also reject Nadim’s argument that the district court erred in imposing the maximum statutory damages. Nadim does not point to any basis for concluding that such an award was an abuse of discretion, and it is well established that statutory damages may be imposed for both punitive and compensatory purposes. See Los Angeles News Serv. v. Reuters Television Int’l, Ltd., 149 F.3d 987, 996 (9th Cir.1998).
The district court did not abuse its discretion in holding evidence of Leegin’s alleged infringement of other copyrights not at issue in the trial inadmissible under Rules 401 and 403 of the Federal Rules of Evidence. Nor was it plain error for the district court to deny Nadim’s motion for a new trial based on allegations of jury bias and misconduct on the part of Leegin’s attorney. See Settlegoode v. Portland Pub. Schs., 371 F.3d 503, 517 (9th Cir. 2004).
The district court did not err by entering judgment in favor of Nadim on Leegin’s belt-design infringement claims. The verdict form was ambiguous as to which belt-design copyrights Nadim violated, and Leegin stipulated to entry of judgment on the state of the record in lieu of a second trial, which at that point would have been limited to the issue of Nadim’s wrongful profits. We conclude, however, that Leegin may nonetheless challenge the district court’s prior rulings on actual damages because Leegin’s stipulation to entry of judgment was not a voluntary dismissal of its belt-infringement claims, only a dismissal of its claim for Nadim’s wrongful profits as a result of the belt-design infringement.
With respect to the issue of actual damages for Leegin’s belt-design infringement claims, the district court did not err in granting Nadim’s motion for a new trial and in subsequently granting Nadim’s motion for summary judgment. Leegin failed to present sufficient evidence of actual damages to create a genuine issue of material fact that could survive summary judgment. See Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1073 (9th Cir.2000). None of the evidence adduced at trial established a causal connection between Na-dim’s infringement and any lost goodwill or lost sale by Leegin. See Harper & Row, Publishers, Inc. v. Nation Enters., 471 U.S. 539, 567, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). Although Leegin presented evidence that Nadim sold infringing products, no testimony or other evidence supported Leegin’s argument that a purchaser of such infringing products would have bought Leegin’s products had the infringing versions not been available. In the context of determining damages under § 504(b), “mere speculation does not suffice to link the losses to the infringement.” Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 710 (9th Cir.2004).
Leegin’s theory that it is entitled to actual damages for the lost value of use of its belt design is similarly unsupported by the record. Nadim used Leegin’s belt designs, not its belts, without compensating Leegin; Leegin can therefore claim only the lost value of use of the belt design. See Wall Data Inc. v. Los Angeles County Sheriffs Dept., 447 F.3d 769, 786 (9th Cir. 2006); Polar Bear Prods., 384 F.3d at 709; Mackie v. Rieser, 296 F.3d 909, 917 (9th Cir.2002). Although Leegin provided evidence of the value of its belts, it offered no evidence of the market value of a license to use its copyrighted belt designs.
Because Leegin did not adduce evidence of actual damages sufficient to create a genuine issue of material fact, we conclude that the district court did not err in granting Nadim’s motion for summary judgment. We also conclude that the district court did not abuse its discretion in grant *576 ing Nadim’s motion for a new trial because the jury’s actual damages award of $254,725 was “against the clear weight of the evidence.” Wallace v. City of San Diego, 479 F.3d 616, 630 (9th Cir.2007).
Nadim based its motion for a new trial on the grounds that there was insufficient evidence to support either the wrongful-profits or actual-damages awards, and the district court based its ruling on the erroneous ground that no evidence supported the jury’s $245,275 award for wrongful profits. It is well established that “in reviewing the decision of a lower court, it must be affirmed if the result is correct although the lower court relied upon a wrong ground or gave a wrong reason.” SEC v. Chenery Corp., 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943) (internal quotation marks omitted). Neither the Supreme Court, nor any decision of our court, has suggested this long-standing rule is inapplicable to a district court’s grant of a motion for a new trial. Although we review such a grant for abuse of discretion rather than undertaking a de novo review, this distinction is not disposi-tive; we have previously upheld a district court’s exercise of discretion even when based on erroneous grounds. See United States v. Alexander, 48 F.3d 1477, 1487 (9th Cir.1995) (upholding a district court’s admission of documents under the hearsay exceptions on a ground “different from the reason given by the district court”); Bemis v. Edwards, 45 F.3d 1369, 1372 (9th Cir.1995) (“We review district court rulings on admissibility under exceptions to the hearsay rule for an abuse of discretion.”). As the Supreme Court explained, “Ei]t would be wasteful to send a case back to a lower court to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court to formulate.” Chenery, 318 U.S. at 88, 63 S.Ct. 454. This principle is equally applicable here.
The parties argue that the district court abused its discretion by denying their respective motions for attorneys’ fees and costs. We have held that, “[gjenerally, a district court’s order on attorneys’ fees may be set aside if the court fails to state reasons for its decision.” Twentieth Century Fox Film Corp. v. Entm’t Dis-trib., 429 F.3d 869, 883 (9th Cir.2005) (internal quotation marks and alterations omitted). The district court gave no reasons for its denial of either of the two motions, and none are apparent from our review of the record. We therefore vacate the district court’s order denying Leegin’s and Nadim’s motions for attorneys’ fees and costs and instruct the district court on remand to exercise its discretion in a reasoned order. Each party shall bear its own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.